SPRAGUE *v.* BARTHOLDI HOTEL CO.

*(Superior Court of New York City, General Term.  January 7, 1889.)*

1. COVENANT—RUNNING WITH LAND—CONTRACT OF HIRING.

Plaintiff assigned the lease of an hotel, and by the instrument of transfer it was agreed that the assignee should employ the assignor as manager of the hotel. *Held,* that one who acquired from the assignee all his "right, title, and interest" in the lease did not thereby incur an obligation to continue to employ plaintiff.

2. EVIDENCE—PAROL, TO EXPLAIN WRITINGS—AMBIGUITIES.
    Evidence offered to explain the meaning of the lease and assignment was properly excluded, neither instrument being ambiguous, and no particulars being mentioned in which it was claimed they were ambiguous.
3. COSTS—EXTRA ALLOWANCE—BURDEN OF PROOF.
    On appeal from an order granting an extra allowance of costs, the burden of proof is on appellant to show error in such allowance.

Appeal from trial term.

Action by Daniel J. Sprague against Bartholdi Hotel Company, for breach of contract. Plaintiff appeals from a judgment dismissing the complaint, and from an order granting an extra allowance.

Argued before SEDGWICK, C. J., and FREEDMAN and TRUAX, JJ.

*David Keane* and *Rush Taggart*, for appellant.    *Stern & Meyers,* for respondent.

TRUAX, J.    In October, 1884, the plaintiff entered into a written contract with one Ellen M. Pike for the lease of the premises now known as the "Hotel Bartholdi" for the term of 20 years from the 1st day of May, 1885. On the 31st day of March, 1886, the plaintiff entered into a written contract with one Edwin A. Yale. By this last-mentioned contract the said Sprague assigned and transferred to the said Yale, so far as he could legally do so with reference to the terms and conditions of the lease above mentioned, all of his right, title, and interest to the said lease, together with the buildings and improvements thereon, and the appurtenances thereto belonging; together with all the fixtures, furniture, and other property of every name, kind, and nature then belonging to the said Sprague. At the same time, and in the same instrument, it was further agreed between the parties to the said instrument that the said Yale would employ the said Sprague to manage and conduct the business of keeping the Hotel Bartholdi for and during the period of nine years from the date of this instrument, for the sum of $2,500 per year for his services. Afterwards, and on the 14th day of April, 1886, the said Yale assigned, transferred, and set over unto the Bartholdi Hotel Company, a corporation existing and doing business under the laws of the state of New York, all the right, title, and interest that he had acquired by virtue of said agreement of the 31st day of March, 1886, and all of the rights, property, and interest of every name, kind, and nature which said Yale acquired under said agreement. The said Bartholdi Hotel Company, shortly after the 14th of April, 1886, took possession of said premises, and carried on the business of hotel keeping. They discharged the plaintiff, and it is to recover damages for such discharge that this action is brought. We are of the opinion that the plaintiff has no cause of action against the defendant. There is no evidence that the defendant assumed any of Yale's obligations. All that they did was to take his rights, property, and interest. The defendant assumed no obligation or duty to the plaintiff, either expressly or by implication.

Certain evidence offered by the plaintiff was excluded, and the plaintiff excepted. This evidence, the plaintiff said, was offered for the purpose of construing the writing—the lease—and the assignment of the lease. Neither one of these documents is ambiguous; nor did the plaintiff's counsel call the attention of the court to the particulars in which he claimed they were ambiguous. We think that the ruling of the court was correct on this point. The other exceptions taken on the trial are immaterial to the issues raised by the pleadings. There is nothing to show that the judge erred in granting the defendant an allowance of $500. The burden of showing that fact rests with the appellant. The judgment and order appealed from are affirmed, with costs. All concur.